**Diane HOLMES, Plaintiff–Appellant,**

v.

**AMERICAN DRUG STORES, INC., d/b/a Osco Drug, Inc., Defendant–Appellee.**

**No. 03–2409.**

United States Court of Appeals, Seventh Circuit.

Submitted April 19, 2004.*

Decided April 19, 2004.

---

\* After an examination of the briefs and the record, we have concluded that oral argument is unnecessary. Thus, the appeal is submitted on the briefs and the record. *See* Fed. R.App. P. 34(a)(2).

Diane Holmes, Waukegan, IL, pro se.

Christian M. Poland, McGuirewoods, Ross & Hardies, Chicago, IL, for Defendant–Appellee.

Before POSNER, EVANS, and WILLIAMS, Circuit Judges.

### ORDER

Diana Holmes sued Osco Drug, Inc. under Title VII, 42 U.S.C. § 2000e *et seq.,* for failing to promote her on account of her race and gender. The district court granted summary judgment to Osco because Holmes could not make out a *prima facie* case of discrimination. We affirm.

Holmes, who is African–American, was hired by Osco as a management trainee and assigned to one of its stores in Waukegan, Illinois. Her supervisor was Dave Batjes, who, as part of the management training program, rated Holmes's overall performance after her first 30, 60, and 90 days by checking off one of four boxes on a form: exceeds requirements, meets requirements, does not meet requirements, or too new to rate. For her 30–day review, Batjes rated Holmes as meeting requirements; at 60 days, he noted that she exceeded requirements; but at 90 days, Batjes checked the boxes next to both meets and exceeds requirements.

A few days after her 90–day performance review, Holmes argued over the price of a particular item with a store director from Jewel, a company affiliated with Osco. When the argument grew heated, Holmes yelled "Fuck you!" to the director and left the store. Holmes was not fired but instead received a written reprimand from Batjes for arguing with and swearing at the store director.

A month after the incident, Batjes informed Holmes that she would not be promoted from trainee to assistant manager. He pointed to her recent reprimand and explained that she had not excelled in her training and that others had performed better. Batjes offered her a supervisor position, which paid slightly less than what

she earned as a management trainee, but Holmes refused the job and resigned. Holmes later called one of Osco's human resource managers to discuss its failure to promote her, after which she was reinstated to the management training program with three weeks of back-pay to cover the period between her resignation and reinstatement. Holmes returned to work only briefly; six weeks later she told Osco that she was resigning again because she found another job and did not like the way that Osco treated her.

Holmes then sued Osco for both racial and gender discrimination. She alleged that Osco should have promoted her based on her job performance instead of promoting a similarly or less qualified white male, David Stivers. Holmes also alleged that Osco had improperly altered the performance rating on her 90-day review by marking her performance as only meeting/exceeding requirements to justify not promoting her. She supported her allegation by submitting a copy of her 90-day review that noted her overall performance as exceeding requirements only.

The district court granted summary judgment to Osco. Because Holmes offered no direct evidence of discrimination, the court analyzed her claims using the indirect, burden-shifting approach set forth in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 93 S.Ct. 1817, 36 L.Ed.2d 668 (1973). The court found that Holmes had met her burden as to the first three elements for establishing a *prima facie* case—that she was a member of a protected class, that she was qualified for the promotion, and that she suffered an adverse employment action by not being promoted—but concluded that Holmes could not satisfy the final element by showing that the person promoted, Stivers, was similarly or less qualified than her. *See Grayson v. City of Chicago*, 317 F.3d 745,

748 (7th Cir.2003) (failure-to-promote case). Even if Holmes could establish a *prima facie* case, the court continued, she had failed to rebut Osco's three legitimate, non-discriminatory reasons for not promoting her sooner; namely, that she did not excel during training, that other trainees performed better, and that she had argued with and swore at a Jewel store director. The court discounted the evaluation she submitted because it believed that Holmes forged it by "whiting out" the checkmark in the meets requirements box.

On appeal Holmes does little to challenge the district court's decision, and her brief arguably runs afoul of Fed. R.App. P. 28(a) by omitting a statement of facts and citing only one legal authority. Nevertheless, we understand Holmes to be contesting the district court's conclusion that she could not establish the fourth element of a *prima facie* case of discrimination. Holmes argues that she and Stivers were similarly situated because they were given similar performance reviews. To support her contention, she again submits the 90-day review that the district court rejected as a forgery. But even if we assume that the 90-day review confirms that Holmes and Stivers received comparable evaluations, Holmes still cannot show that they were similarly situated. The fact that she had been reprimanded and Stivers had not is enough to show that the two were not comparable for purposes of establishing a *prima facie* case of discrimination. *See Adams v. Wal-Mart Stores, Inc.*, 324 F.3d 935, 940 (7th Cir.2003) (similarly situated employees must have engaged in similar conduct); *Radue v. Kimberly-Clark Corp.*, 219 F.3d 612, 618–19 (7th Cir.2000) (employees who are similarly situated engaged in similar conduct "without such differentiating or mitigating circumstances as would distinguish their conduct").

Holmes also seems to argue that she was subject to disparate treatment as an African–American because a white employee swore at a store manager and was not disciplined. But Holmes does not support this argument with any reference to the record, and her allegation standing alone is insufficient to create a genuine issue of material fact that would defeat summary judgment. *See E.E.O.C. v. Sears, Roebuck & Co.,* 233 F.3d 432, 437 (7th Cir.2000).

AFFIRMED.